IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOUGLAS M. THIGPEN,              )
                                )
                Petitioner,      )
                                )
     v.                          )    No.  08 C 266
                                )       (03 CR 1084)
UNITED STATES OF AMERICA,        )
                                )
                Respondent.      )

MEMORANDUM ORDER

On January 8, 2007 the United States Supreme Court denied certiorari (reported at 128 S.Ct. 1028) to our Court of Appeals regarding its opinion (reported at 456 F.3d 766 (7th Cir. 2006)) that had affirmed the conviction and sentence of Douglas Thigpen ("Thigpen") based on his guilty plea to bank robbery.  Thigpen has just filed a timely (by one day[1]) 28 U.S.C. §2255 ("Section 2255") motion seeking a post-conviction review of asserted violations of his constitutional rights.

One technical point bears mention at the outset.  Thigpen has also filled out and submitted an In Forma Pauperis Application ("Application").  But no filing fee is charged for any Section 2255 motion, so that the Application is denied on

_____

[1]  Although Thigpen's filing was not received in the Clerk's Office until January 11, 2008, his Notice of Filing and Certificate of Service reflects a January 7 mailing from U.S.P. Terre Haute, Indiana, where he is serving his sentence.  Under the "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988)) January 7 is considered to be the motion's filing date, so the filing comes within the one-year limitation period under Section 2255 ¶6.

mootness grounds.

As for the motion itself, as bulky as it is, in substantial part it seeks to thresh old straw.  Much of Thigpen's challenge relates to his career offender status and to the asserted failure of his appointed counsel (and this Court) to give consideration (or adequate consideration) to Shepard v. United States, 544 U.S. 13 (2005).  But that subject was addressed and rejected by our Court of Appeals (456 F.3d at 769-70), which expressly held that "the district court did not violate Shepard" (id. at 770). Thigpen cannot get a second bite at the apple by attempting to reframe the issue as one of constitutionally inadequate representation by his counsel.

It should be added in that respect that Thigpen's appointed counsel was extraordinarily meticulous and careful in his handling of an obviously difficult client--a picture that emerged both during Thigpen's blind guilty plea (which was prefaced by the submission of a thorough and detailed plea declaration signed by Thigpen "after extensive consultation with his attorney") and during the sentencing hearing.  Despite cautions by this Court and advice from his able defense counsel at the time of sentencing, Thigpen persisted in making statements that could well have caused the loss of the sentencing guideline credit for acceptance of responsibility and thus ratcheted his potential sentence dramatically upward.  This Court chose not to heap

Pelion upon Ossa by moving the guideline range sharply upward on that score, and it ill behooves Thigpen to advance such groundless claims at this point on the premise that he now faces no such risk.

Thigpen also asserts (Mem. 15-16) that his appointed counsel was deficient in not having sought to quash his assertedly unlawful arrest--but Thigpen's own recital of events confirms that was a legitimate strategic judgment that by definition did not run afoul of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). And Thigpen's complaint as to a purported constitutional inadequacy on counsel's part in connection with the government's showing of the FDIC-insured status of the bank that he robbed is given the direct lie by the transcript that he has made part of his filing.

This Court has also reviewed Thigpen's other scattershot grounds, stated in skeletal conclusory fashion. None of them has merit.

At the risk of repetition, this Court would really be remiss if it failed to observe that both the guilty plea and the sentencing were handled carefully by an appointed member of this Court's Federal Defender Panel who showed commendable care for his client's rights at every stage before this Court. Truly Thigpen provides support for the proposition that "no good deed goes unpunished."

Based on this Court's careful examination of the motion, which recounts proceedings that this Court recalls very well indeed, the current situation falls squarely within Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:  "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  That being the case, the same Rule 4(b) calls for denial of the motion, and this Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 14, 2008