MMN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOUGLAS M. THIGPEN, )
)
　　　　Petitioner, )
)
v. ) No. 08 C 266
) (03 CR 1084)
UNITED STATES OF AMERICA, )
)
　　　　Respondent. )

<u>STATEMENT AS TO CERTIFICATE OF APPEALABILITY</u>

Douglas Thigpen ("Thigpen") has filed a Notice of Appeal and an Application for Certificate of Appealability ("Application"), seeking review of this Court's January 14, 2008 denial of his 28 U.S.C. §2255[1] motion attacking his conviction for bank robbery. Although Thigpen did not also accompany his filing with a filled-out In Forma Pauperis Application ("IFP Application"), he had earlier sought in forma pauperis status in conjunction with his Section 2255 Petition in the District Court.[2] Because Thigpen has not paid the $455 in appellate filing fees, and because his IFP Application is so recent, this Court will treat that submission as seeking the same status on appeal.

But that does not do the job, for Thigpen has not

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] As this Court's January 14 memorandum order (copy attached) reflected, that submission was unnecessary because no District Court filing fee attaches to a Section 2255 motion. But on the premise that Thigpen also seeks in forma pauperis status on appeal, this Court will address that subject as well as the Application itself.

supplemented the IFP Application with the required statement of transactions in his prison trust fund account--essential in conjunction with his appeal pursuant to Section 1915(a)(2). Accordingly Thigpen is ordered to submit, on or before February 21, 2008, the statement from the prison authorities at USP Terre Haute (where he is now in custody) for the months of August 2007 through January 2008, to enable this Court to make the necessary calculation under Section 1915(b)(1).[3] In the meantime this Court holds that Thigpen must indeed pay the $455 in appellate fees, albeit in future installments as will be ordered following receipt of the trust fund account information.

That said, this Court turns to the Application itself. There, just as in his Section 2255 motion before this Court, Thigpen continues to stress the claimed forfeiture of an argument based on <u>Shepard v. United States</u>, 544 U.S. 13 (2005) as somehow evidencing the constitutional inadequacy of representation by his District Court counsel, Gareth Morris--an argument that occupies well over half of the Application. But that contention is dead wrong--on Thigpen's direct appeal, our Court of Appeals

---

[3] Even though it is Thigpen's duty to provide that statement, another copy of this statement is being transmitted directly to the fiscal office at USP Terre Haute in the hope that the institution itself will send a copy of the trust fund statement to this District Court's Clerk's Office at 219 South Dearborn Street, Chicago IL 60604 (with Case Nos. 08 C 266 and 03 CR 1084 shown on both the forwarding envelope and the statement), to enable this Court to carry out its Section 1915 responsibilities as promptly as possible.

2

considered and scotched any Shepard-based argument on the merits (456 F.3d 766, 770 (7th Cir. 2006)):

> As an initial matter, nothing in the record suggests that the district court relied on the PSR when drawing its conclusions about the nature of the prior offenses. In any event, the district court did not violate Shepard.

That flat-out rejection was followed by an extended analysis of the propriety of this Court's handling of the matter. Thigpen simply cannot bootstrap himself into a Sixth Amendment issue via his empty Shepard-based argument.

Thigpen also asserts two other purported grounds for appeal. Both are equally meritless:

> 1. First, Thigpen claims that he did not realize that the bank he robbed had to be FDIC-insured as an element of the crime. But it is well-established that a defendant's knowledge of that requirement is not an element of the offense, and confirming the fact of such insurance--something that this Court always requires the government to proffer in the course of taking a guilty plea in a bank robbery case--was (as always) a pro forma matter. No arguable constitutional violation was implicated in attorney Morris' acknowledgment that the government could prove that element (indeed, this Court's invariable practice when that point is reached in the plea colloquy is to ask both the defense counsel and the defendant to listen

carefully to the government's explanation of its anticipated proof and to ask whether there is any reason to believe that the government would be unable to deliver as advertised).

    2. Finally, Thigpen urges that his appointed appellate counsel violated his constitutional rights by not arguing for the overruling of <u>Almendarez-Torres</u>, which Thigpen (unlike the United States Supreme Court) says violates the Constitution.

In summary, Thigpen has failed to make any substantial showing of the denial of a constitutional right (see Section 2253(c)(2)), and this Court states that no certificate of appealability should issue (see Fed. R. App. P. 22(b)). Thigpen is advised that he may present his Application to the Court of Appeals for its consideration.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date:  February 7, 2008

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| DOUGLAS M. THIGPEN, | ) |
| Petitioner, | ) |
| v. | ) No. 08 C 266 |
| | ) (03 CR 1084) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

<u>MEMORANDUM ORDER</u>

On January 8, 2007 the United States Supreme Court denied certiorari (reported at 128 S.Ct. 1028) to our Court of Appeals regarding its opinion (reported at 456 F.3d 766 (7th Cir. 2006)) that had affirmed the conviction and sentence of Douglas Thigpen ("Thigpen") based on his guilty plea to bank robbery. Thigpen has just filed a timely (by one day[4]) 28 U.S.C. §2255 ("Section 2255") motion seeking a post-conviction review of asserted violations of his constitutional rights.

One technical point bears mention at the outset. Thigpen has also filled out and submitted an In Forma Pauperis Application ("Application"). But no filing fee is charged for

---

[4] Although Thigpen's filing was not received in the Clerk's Office until January 11, 2008, his Notice of Filing and Certificate of Service reflects a January 7 mailing from U.S.P. Terre Haute, Indiana, where he is serving his sentence. Under the "mailbox rule" (see <u>Houston v. Lack</u>, 487 U.S. 266 (1988)) January 7 is considered to be the motion's filing date, so the filing comes within the one-year limitation period under Section 2255 ¶6.

any Section 2255 motion, so that the Application is denied on mootness grounds.

As for the motion itself, as bulky as it is, in substantial part it seeks to thresh old straw. Much of Thigpen's challenge relates to his career offender status and to the asserted failure of his appointed counsel (and this Court) to give consideration (or adequate consideration) to Shepard v. United States, 544 U.S. 13 (2005). But that subject was addressed and rejected by our Court of Appeals (456 F.3d at 769-70), which expressly held that "the district court did not violate Shepard" (id. at 770). Thigpen cannot get a second bite at the apple by attempting to reframe the issue as one of constitutionally inadequate representation by his counsel.

It should be added in that respect that Thigpen's appointed counsel was extraordinarily meticulous and careful in his handling of an obviously difficult client--a picture that emerged both during Thigpen's blind guilty plea (which was prefaced by the submission of a thorough and detailed plea declaration signed by Thigpen "after extensive consultation with his attorney") and during the sentencing hearing. Despite cautions by this Court and advice from his able defense counsel at the time of sentencing, Thigpen persisted in making statements that could well have caused the loss of the sentencing guideline credit for acceptance of responsibility and thus ratcheted his potential

sentence dramatically upward. This Court chose not to heap Pelion upon Ossa by moving the guideline range sharply upward on that score, and it ill behooves Thigpen to advance such groundless claims at this point on the premise that he now faces no such risk.

Thigpen also asserts (Mem. 15-16) that his appointed counsel was deficient in not having sought to quash his assertedly unlawful arrest--but Thigpen's own recital of events confirms that was a legitimate strategic judgment that by definition did not run afoul of Strickland v. Washington, 466 U.S. 668 (1984). And Thigpen's complaint as to a purported constitutional inadequacy on counsel's part in connection with the government's showing of the FDIC-insured status of the bank that he robbed is given the direct lie by the transcript that he has made part of his filing.

This Court has also reviewed Thigpen's other scattershot grounds, stated in skeletal conclusory fashion. None of them has merit.

At the risk of repetition, this Court would really be remiss if it failed to observe that both the guilty plea and the sentencing were handled carefully by an appointed member of this Court's Federal Defender Panel who showed commendable care for his client's rights at every stage before this Court. Truly Thigpen provides support for the proposition that "no good deed

7

goes unpunished."

Based on this Court's careful examination of the motion, which recounts proceedings that this Court recalls very well indeed, the current situation falls squarely within Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts: "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." That being the case, the same Rule 4(b) calls for denial of the motion, and this Court so orders.

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: January 14, 2008