

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Douglas M. Thigpen,               )<br>                                   )<br>       Petitioner-Appellant,      )<br>                                   )<br>              v.                  )<br>                                   )<br>                                   )<br>                                   )<br>United States of America,          )<br>                                   )<br>       Respondent-Appellee.       ) | District Court<br>No. 08 C 266<br>Court of Appeals<br>No. 08-1453 |

### MEMORANDUM ORDER

This Court has just received from our Court of Appeals a copy of the attached April 30, 2008 order. As indicated there, no initial partial filing fee has been assessed pursuant to this Court's February 7, 2008 order, which required the submission of a copy of the trust fund account of petitioner (now appellant) Douglas M. Thigpen ("Thigpen") to enable this Court to make the calculation provided for by 28 U.S.C. § 1915(b)(1).[1] This Court's prompt inquiry after receipt of the April 30 order has revealed that even though Thigpen's trust account statement was in fact transmitted to our Clerk's Office from the Federal Corrections Complex at Terre Haute, Indiana (where Thigpen is in custody), and even though that transmission specifically identified Case No. 08 C 266, no copy was ever delivered to this Court's chambers -- instead it was simply lodged in the Clerk's Office without any notification being given to this Court.

---

[1] All further references to title 28 provisions will take the form "Section --," omitting the prefatory 28 U.S.C.

As it turns out, however, the February 7 request for trust fund account information appears to have been unnecessary, for the issue of appellate filing fees is most likely moot. Although our Court of Appeals' discussion of that subject in <u>Martin v. United States</u>, 96 F.3d 853, 855-56 (7th Cir. 1996) focused primarily on the reasons that the Prison Litigation Reform Act (hence including Section 1915(b)(1)) does not apply to appeals by state prisoners from habeas corpus proceedings brought under Section 2254, the first sentence of that discussion (<u>id</u>. at 855) speaks of Section 2255 proceedings as well:

> The next question we take up, and the easiest, is whether the Prison Litigation Reform Act applies to habeas corpus proceedings (No. 96-2568) and section 2255 proceedings (the federal prisoner's habeas corpus surrogate)(No. 96-2267).

As <u>Martin, id</u>. reflects, the District Court filing fee in Section 2254 proceedings is a modest $5 -- and no District Court fee is chargeable at all in connection with a Section 2255 motion.

Accordingly this Court will not make the otherwise-applicable determination called for by Section 1915(b)(1) unless our Court of Appeals directs otherwise. In the meantime, nothing said here should be viewed as modifying this Court's earlier determination that no certificate of appealability should issue to Thigpen.

                                                     /s/ Milton I. Shadur
                                                     Milton I. Shadur
                                                     Senior United States District Judge

May 2, 2008

D.C.
Judge

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

April 30, 2008

By the Court:

```
DOUGLAS M. THIGPEN,              ] Appeal from the United
        Petitioner-Appellant,    ] States District Court for
                                 ] the Northern District of
No. 08-1453         v.           ] Illinois, Eastern Division.
                                 ]
UNITED STATES OF AMERICA,        ] No. 08 C 266
        Respondent-Appellee.     ]
                                 ] Milton I. Shadur,
                                 ]     Judge.
```

The following is before the court: **APPELLANT-PETITIONER'S MOTION TO RECALL THE MANDATE**, filed on April 14, 2008, by the pro se appellant,

A review of the district court's docket indicates that it has not yet assessed an initial partial filing fee in accordance with its order dated February 7, 2008. Accordingly,

**IT IS ORDERED** that the motion is **GRANTED**. This court's final order, dated March 31, 2008, is **VACATED**, the mandate is **RECALLED**, and this appeal is **REINSTATED**. The clerk of this court shall file instanter the tendered copies of the petitioner's application for a certificate of appealability and motion to proceed on appeal in forma pauperis.